UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE

- $25,760.00 in U.S. Currency; and 18K Rose Gold Rolex-Day Date 40, Model 21835 Watch

Misc. No.: 22-mc-51832
Honorable Laurie J. Michelson

**Stipulation and Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Sandraia Latoya Latham and William Davis, by and through their attorney, Marshall Goldberg, as follows:

1. On June 15, 2022, the Drug Enforcement Administration ("DEA") seized the following property:

- $25,760.00 in U.S. Currency; and
- 18K Rose Gold Rolex-Day Date 40, Model 21835 Watch

(referred to herein as the "Property")

2. The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Sandraia Latoya Latham and William Davis.

3. Sandraia Latoya Latham and William Davis filed a claim in the administrative forfeiture proceeding with the DEA regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. The DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **December 13, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions

regarding the Property.

7. Sandraia Latoya Latham and William Davis knowingly, intelligently, and voluntarily gives up any rights she may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **December 13, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **December 13, 2022** to and including **March 13, 2023**.

9. Sandraia Latoya Latham and William Davis waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights she may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Sandraia Latoya Latham and William Davis further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Sandraia Latoya Latham and William Davis agree that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **March 13, 2023**, whichever occurs first, the Property shall remain in the custody of the United States and Sandraia Latoya Latham and William Davis shall not seek its return for any reason in any manner.

11. By signing below, Marshall Goldberg declares that prior to signing this Stipulation, he provided a copy of it to Sandraia Latoya Latham and William Davis, reviewed it with Sandraia Latoya Latham and William Davis, consulted with Sandraia Latoya Latham and William Davis regarding its contents, answered any questions Sandraia Latoya Latham and William Davis had about it, determined that Sandraia Latoya Latham and William Davis understands its terms and are aware of their rights in this matter, and Sandraia Latoya Latham and William Davis authorize Marshall Goldberg to sign this Stipulation.

//

//

//

//

//

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| S/Gjon Juncaj | S/Marshall Goldberg (with consent) |
| Gjon Juncaj (P63256) | Marshall Goldberg (P35788) |
| Assistant United States Attorney | Attorney for Claimants |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite #1120 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-0209 | (313) 247-3265 |
| Gjon.Juncaj@usdoj.gov | Megoldberg2003@yahoo.com |
| | |
| Dated: December 8, 2022 | Dated: December 9, 2022 |

**IT IS SO ORDERED.**

Date: 12/09/2022          s/Laurie J. Michelson
                          _____
                          HONORABLE LAURIE J. MICHELSON
                          UNITED STATES DISTRICT JUDGE